91 F.3d 146
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Joseph E. LEONE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-1084.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 18, 1996.*
Decided July 18, 1996.
 
 Before BAUER, EASTERBROOK and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Joseph Leone pleaded guilty to one count of conspiring to distribute and possess with intent to distribute cocaine and one count of money laundering, and he was sentenced to 120 months' imprisonment. In this motion under 28 U.S.C. § 2255, he argues that he was subjected to multiple punishments in violation of the Double Jeopardy Clause because he forfeited property[1] to the government before he was imprisoned and that he suffered ineffective assistance of counsel because counsel neglected to advise him about a possible double jeopardy defense.
 
 
 2
 A voluntary plea of guilty, however, "waives all non-jurisdictional defenses including constitutional violations not logically inconsistent with the valid establishment of factual guilt." United States v. Nash, 29 F.3d 1195, 1201 (7th Cir.1994). Double jeopardy arguments are no exception to the general rule. United States v. Broce, 488 U.S. 563, 569 (1989). Because he waived this double jeopardy argument by pleading guilty, Leone may only attack the voluntariness of that plea; his failure to do so means he is not entitled to collateral relief. Id. at 574. Moreover, Leone would also lose on the merits of his case, because civil forfeiture proceedings under § 881 are "neither 'punishment' nor criminal for purposes of the Double Jeopardy Clause." United States v. Ursery, 64 U.S.L.W. 4565, 4572 (U.S. June 24, 1996). Consequently, his counsel cannot be considered ineffective for failing to raise the issue.
 
 
 3
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Leone was ordered as part of the criminal judgment to forfeit several items of property. The items he identifies in this motion are not included in that list